\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ANDRE L. HOUSTON,

          Petitioner,

      v.                              Case No. 02-C-640

UNITED STATES OF AMERICA,

          Respondent.

_____

ORDER

Before the court is Andre L. Houston's (Houston) Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, filed on June 28, 2002, Houston cites the following reasons for collaterally attacking his sentence: (1) that his indictment was inadequate and the statute he was convicted under was unconstitutional; (2) that counsel at trial erred by not striking a potential juror during the voir dire process; (3) that counsel at sentencing erred by failing to object to the calculations of the United States Sentencing Guidelines; and (4) that he received erroneous advice of counsel concerning his appeal. Additionally, on July 26, 2004, Houston filed an amended motion further attacking his sentence based on *Blakely v. Washington,* 542 U.S. 296 (2004). For the reasons set forth below, this court will deny Houston's motions.

## B A C K G R O U N D

On April 24, 2001, following a two-day trial, a jury found Houston guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On June 29, 2001, this court sentenced Houston to a 98 month term of imprisonment, 3 years of supervised release, and a $1,000 fine. Houston initially appealed his conviction and sentence to the Court of Appeals for the Seventh Circuit (Appeal No. 01-2856), only to withdraw the appeal shortly after its filing.

During the course of the case, Houston was represented by two different attorneys, Jeffrey Van Groll and Russell Goldstein. Houston raises four separate issues where he asserts that counsel acted in error. Houston asserts that Van Groll erred by not challenging the indictment and failing to strike a potential juror; and, Goldstein erred by failing to object to sentencing enhancements and by failing to properly advise him with respect to any appeal.

## A N A L Y S I S

28 U.S.C. § 2255 allows federal prisoners to collaterally challenge their sentences on the ground that "the sentence was imposed in violation of the Constitution of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to a collateral attack." 28 U.S.C. § 2255 (2005).

Houston first claims that the indictment against him was unconstitutional, and furthermore, that his attorney's failure to challenge the indictment amounted to ineffective assistance of counsel. Fed. R. Crim. P. 7(c)(1) sets forth the requirement that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1)(2005). Houston's indictment charged him with violating 18 U.S.C. § 922 (g), which in relevant part reads:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

As the government's reply brief properly notes, Houston's indictment mirrors this statutory language and complies with the requirements of Fed. R. Crim. P. (7)(c)(1). Specifically, the indictment reads:

> On or about February 3, 2001, in the State and Eastern District of Wisconsin, Andre L. Houston, the defendant herein, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, possessed a firearm . . . in violation of Title 18, United States Code, Section 922(g)(1).

Thus, the court concludes the indictment was not deficient in any respect, and therefore, is constrained to deny petitioner's request for relief on this ground.

Part and parcel of Houston's challenge to the indictment is his suggestion that the statute with which he is charged as having violated, 18 U.S.C. § 922, is constitutionally deficient for failing to include a *mens rea* element.  Houston cites *Staples v. United States*, 511 U.S. 600 (1994), in support of his argument.  However, a clear reading of *Staples'* discloses that it does not support Houston's position.  *Staples* stated that in regards to *mens rea* requirements, the defendant must know each of the facts constituting the illegal conduct.  *Id.*  It does not hold, as Houston appears to suggest, that a statute that does not set forth a *mens rea* requirement is unconstitutional.   Moreover, Houston's attorney at the time, Van Groll, stated in his affidavit that the jury was properly instructed on the *mens rea* element.  Therefore, the absence of an explicit *mens rea* requirement in 18 U.S.C. § 922 does not render it unconstitutional.

To succeed on an ineffective assistance of counsel claim, Houston must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668, (1984), that (1) counsel's performance fell below a standard of reasonableness, and (2) this performance prejudiced the defendant.  Houston is unable to assert that Van Groll's performance was anything but reasonable; Van Groll's failure to challenge a facially valid indictment, or to argue that a federal statute was unconstitutional does not meet the *Strickland* standard of "unreasonable."  Regarding both the attack of the indictment and statute itself, Houston fails.

-4-

Neither suffer the defects Houston alleges, and his attorney's conduct was not unreasonable in regards to this portion of Houston's motion.

The court next turns to Houston's other allegation that his counsel's representation fell below Sixth Amendment standards when Van Groll failed to strike a potential juror during the voir dire process. During the selection process, the juror in question stated that she knew a person seated in the gallery of the courtroom. In light of her response, the court questioned this potential juror outside the presence of the rest of the panel. She was able to provide an explanation, in which she unequivocally stated that she would have no pause for concern in serving as a member of the jury. The short conversation goes as follows:

> JUROR CALDWELL: Okay, thank you, yeah. And I – is it Monty? I don't know if he's friends or whatever, that's who it is, and I don't know what his role is but I just – when I saw him when I was in the line and I haven't seen him, it may be in ten, fifteen years, you know, as a kid, but I recognized him as being my ex-husband's nephew. And I didn't know what his relationship was with the case and I just didn't want it to be questioned, that's it.
>
> THE COURT: All right. Well, knowing that he is not a witness in the case –
>
> JUROR CALDWELL: Yeah, I'm fine.
>
> THE COURT: –just a spectator, does it cause you any concern as to your serving as a member of the jury in this case?

JUROR CALDWELL: None because I've never seen this young man before in my life and that was, you know, my concern right away.

THE COURT: All right, thank you.

(November 20, 2003 Tr. at 3) (Docket No. 58)

In support of his position, Houston states that he was "hesitant" to accept this juror on the panel, feeling that she may have a "deeply-rooted animosity" towards him. As stated above, ineffective assistance of counsel claims are assessed under the *Strickland* standard that an attorney's conduct must fall below a standard of reasonableness, and the client is prejudiced as a result of this conduct. In the realm of trial tactics and strategy, which jury selection clearly falls under, much deference is afforded to counsel. *See Strickland* at 690. After conducting follow-up questions, the potential juror stated that there would be no concern for her to serve as a member of the jury. At the very least, it would be reasonable to conclude that this potential juror need not be struck for bias or prejudice. Additionally, Van Groll asserted that each strike was a careful result of him conferring with Houston. Houston is unable to support his claim that Van Groll's conduct fell below a standard of reasonableness, and his motion as to this allegation fails.

Houston's remaining claims relate to his second attorney, Russell Goldstein. Houston alleges that Goldstein's representation fell below Sixth Amendment

-6-

standards for two reasons.  First, Houston argues that Goldstein's failure to object

to sentencing calculations violates his right to effective assistance of counsel.

Second, Houston alleges that by providing erroneous advice regarding his appeal,

Goldstein similarly violated his rights.   These two issues will be discussed below.

Turning first to the sentencing issue, Houston objects to the two-point

increase in his criminal history score under U.S.S.G. 4A(1.1)(d) and a two-point

enhancement under U.S.S.G. 3(C)1.1 for obstruction of justice stemming from

Houston's perjured trial testimony.  Houston alleges that Goldstein erred in not

objecting to these enhancements.

The court finds each of these allegations to be without merit, as counsel's

decision not to object to these enhancements at the sentencing hearing does not

fall below the *Strickland* standard of reasonableness.  First, Houston asserts that

in order for 4(A)1.1(d) to apply, there must be an outstanding violation warrant.

However, this argument fails as 4(A)1.1(d) contains no such requirement; rather,

it merely states that two points are to be added if the defendant committed the

instant offense while under any criminal justice sentence.  U.S.S.G.

§ 4(A)1.1(d)(2001).  Houston was indeed under a criminal justice sentence, and

this two-point enhancement was properly calculated.

Houston's next allegation that the § 3(C)1.1 obstruction of justice enhancement was improperly applied meets a similar fate. At sentencing, the court carefully noted:

> [I]t is abundantly clear that in finding Mr. Houston guilty, the jury did not buy his testimony nor that of his estranged girlfriend, Celia Pugh; and that the probation department consistent with the guideline philosophy and construct has appropriately enhanced Mr. Houston's offense level by two levels for obstruction of justice. That being the case, the court does herewith adopt each of the guidelines as recommended.

(March 29, 2001 Transcript of Sentencing at 5.) Here, the court explicitly stated, with pertinent references to the trial testimony, that such an enhancement was clearly warranted. Houston's motion fails to set forth any basis to suggest that the court improperly applied each enhancement. Therefore, Goldstein's choice to accept the guidelines as calculated at sentencing was not unreasonable or in violation of the *Strickland* ineffective assistance of counsel standards.

Houston also alleges that Goldstein erroneously advised him regarding his appeal. An appeal was initially filed and it was subsequently withdrawn. On November 27, 2002, Goldstein submitted an affidavit which stated that the appeal was withdrawn only after careful, informed conversations with Houston. Because of the negotiations he had with the state prosecutors, Goldstein felt it was in Houston's best interest to withdraw the appeal, rather than run the risk of a consecutive state court sentence.

-8-

The Supreme Court has addressed ineffective assistance of counsel claims regarding appeals. *Roe v. Flores-Ortega* held that "[c]ounsel who consults with the defendant performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000). Here, Goldstein consulted with Houston as to the merits of any appeal, and together they decided that filing an appeal would not be worth the risk of a consecutive sentence. Goldstein did not fail to follow any explicit instructions Houston had regarding his appeal, and he therefore did not violate the teachings of *Flores-Ortega*.

Finally, Houston attacks the court's sentence on the ground that it is unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). However, in this circuit, *Blakely* and its progeny, *United States v. Booker*, 543 U.S. ____ (2005), do not retroactively apply to sentences that became final before January 12, 2005. The Seventh Circuit recently made this clear in *McReynolds v. United States*, 2005 U.S. App. LEXIS 1632 (7th Cir. 2005):

> *Booker* does not apply to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see *id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

*Id.* at *6-7.

Here, the court is able to conclusively determine Houston is entitled to no relief because his sentence became final well before January 12, 2005. As such, *Blakely* and *Booker* fail to provide any support for collateral attack under § 2255.

Accordingly,

IT IS ORDERED that Andre Houston's June 28, 2002 motion under 28 U.S.C. § 2255 be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Andre Houston's amended and supplemented July 26, 2004 motion under 28 U.S.C. § 2255 be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this ___30th___ day of September, 2005.

BY THE COURT:

_ s/ J. P. Stadtmueller _____
J. P. Stadtmueller
U.S. District Judge